## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

TRACY SPADY,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendant.

---

1:18-cv-14012-NLH-KMW

**OPINION**

**APPEARANCES**:

TRACY SPADY
217 NORCROSS LANE
PEMBERTON, NJ 08068

    Plaintiff appearing *pro se*

JESSICA ROSE O'NEILL
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET - 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101

    On behalf of Defendant

**HILLMAN, District Judge**

    This matter concerns Plaintiff's claim for the return of money seized by the United States during a search of her home and ultimately subjected to administrative forfeiture.  The United States has moved for summary judgment on Plaintiff's claim against it.  Plaintiff has not opposed Defendant's motion.  For the reasons expressed below, Defendant's motion will be granted.

## BACKGROUND

Pursuant to a search warrant, on June 17, 2016, the United States Postal Inspection Service seized $44,855.00 from the residence of Plaintiff, Tracy Spady, a home she shared with Terrell Nelson.[1]  As a result of that search and the subsequent investigation associated with it, Nelson was federally prosecuted, he pled guilty, and he was sentenced. The money seized was subject to forfeiture and was ultimately administratively forfeited.

Plaintiff's action against the United States seeks the return of $44,855.00.  Plaintiff claims, "the $44,855.00 was not Mr. Nelson's to forfeit simply because it was [her] property that was simply tied-up with the defendant's seized property," and she never received notice of the impending administrative forfeiture.  (Docket No. 1 at 3.)  Because the money belonged to her and because she did not receive notice of the forfeiture proceeding, Plaintiff claims that the money must be returned to her.  Plaintiff further contends that she is entitled to an evidentiary hearing to resolve the disputed facts regarding her right to the money and lack of notice of its administrative forfeiture.  (Docket No. 20 at 1.)

_____

[1] Various quantities of controlled substances and a loaded .38 special Smith and Wesson revolver were also seized.

2

The parties engaged in discovery, and Plaintiff's deposition was taken.  The United States has now filed a motion for summary judgment arguing that there are no disputed facts regarding the ownership of the money or the notice of the administrative forfeiture.  Plaintiff has not opposed Defendant's motion.

## DISCUSSION

### A.    Subject matter jurisdiction

This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because the complaint challenges an administrative forfeiture pursuant to the Controlled Substances Act.  See 21 U.S.C. § 881(a).  In addition, this Court has jurisdiction to review an administrative forfeiture to determine whether it has met statutory and due process requirements.  See Longenette v. Krusing, 322 F.3d 758, 760 n.3 (3d Cir. 2003).

### B.    Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.  Celotex Corp. v.
Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such
that a reasonable jury could return a verdict in the nonmoving
party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986).  A fact is "material" if, under the governing
substantive law, a dispute about the fact might affect the
outcome of the suit.  Id.  In considering a motion for summary
judgment, a district court may not make credibility
determinations or engage in any weighing of the evidence;
instead, the non-moving party's evidence "is to be believed
and all justifiable inferences are to be drawn in his favor."
Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir.
2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of
demonstrating the absence of a genuine issue of material fact.
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the
moving party has met this burden, the nonmoving party must
identify, by affidavits or otherwise, specific facts showing
that there is a genuine issue for trial.  Id.  Thus, to
withstand a properly supported motion for summary judgment,
the nonmoving party must identify specific facts and
affirmative evidence that contradict those offered by the

4

moving party.  Anderson, 477 U.S. at 256-57.  A party opposing
summary judgment must do more than just rest upon mere
allegations, general denials, or vague statements.  Saldana v.
Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

    **C.  Analysis**

    Plaintiff originally filed her claim for the return of
the administratively forfeited money in Nelson's criminal
case.  Under the Federal Rules of Criminal Procedure, "[a]
person aggrieved by an unlawful search and seizure of property
or by the deprivation of property may move for the property's
return."  See Fed. R. Crim. P. 41(g).  Rule 41(g) cannot be
used, however, to recover property that has already been
forfeited to the Government.  Williams v. Drug Enforcement
Admin., 620 F. App'x 72, 74–75 (3d Cir. 2015) (citing United
States v. Watkins, 120 F.3d 254, 256 (11th Cir. 1997) (per
curiam) (explaining that the government's admission that
property was administratively forfeited "deprive[s] the court
of authority to grant the Rule 41(g) motion")).

    Because the money at issue here had already been
forfeited at the time Plaintiff filed her claim,[2] Plaintiff

---

[2] On February 10, 2017, as part of his plea agreement, Nelson
agreed to forfeit to the United States the $44,855.00 seized
from 103 Blanche Street, Browns Mills, New Jersey on June 17,
2016.

could only proceed under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), which provides "'the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'"  Id. (quoting 18 U.S.C. § 983(e)(5)).  Accordingly, this Court directed that Plaintiff's claim was to be filed as a civil complaint under a civil action docket number pursuant to CAFRA.  (See Docket No. 7.)

Federal courts lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA, but courts may "determin[e] whether the agency followed the proper procedural safeguards."  Williams, 620 F. App'x at 72 (citing United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc) (holding that "a district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative forfeiture proceedings")) (other citations omitted).  Proper procedure requires that the seizing agency send written notice of the seizure "to each party who appears to have an interest in the seized article."  19 U.S.C. § 1607(a).  That notice must "be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure."  18 U.S.C. § 983(a)(1)(A)(i).

Thus, this Court does not have jurisdiction to consider

6

whether the forfeiture of the $44,855.00 was proper.[3]  This

Court may, however, determine whether Plaintiff received the

proper notice of the impending forfeiture in compliance with

CAFRA.

> Under CAFRA,
>
> (1) Any person entitled to written notice in any
> nonjudicial civil forfeiture proceeding under a civil
> forfeiture statute who does not receive such notice may
> file a motion to set aside a declaration of forfeiture
> with respect to that person's interest in the property,
> which motion shall be granted if –
>
> > (A) the Government knew, or reasonably should have
> > known, of the moving party's interest and failed to
> > take reasonable steps to provide such party with
> > notice; and
> >
> > (B) the moving party did not know or have reason to
> > know of the seizure within sufficient time to file a
> > timely claim.

18 U.S.C. § 983(e)(1).

---

[3]  The United States acknowledges that the propriety of the
forfeiture is not before the Court, but it nonetheless
explains how the forfeiture was proper.  The Court will not
address that part of the United States' motion. See Williams
v. Drug Enforcement Admin., 620 F. App'x 72, 75 (3d Cir. 2015)
(explaining that the district court correctly declined to
review Williams's argument that the BMW [the seized property]
should be returned to him because there was no probable cause
to find that it was used in connection with a drug
transaction, because "[c]learly, such an argument goes to the
merits of the administrative forfeiture," but finding that the
district court erred by reviewing the merits of Williams's
additional argument that the BMW should be returned to him
because the DEA did not have a warrant for its seizure,
finding that such a question also fell outside of the district
court's jurisdiction).

The United States took the following undisputed[4] steps with regard to notice of the nonjudicial civil forfeiture proceeding for the money at issue:  Notice of the administrative forfeiture was sent to (1) Nelson's counsel at her office; (2) Nelson at the federal institution where he was housed as an inmate; (3) both Nelson and Plaintiff at the residence located at 103 Blanche Street, Browns Mills, NJ 08015; and (4) through an internet advertisement posted on August 8, 2016 for a period of 30 days.  (Docket No. 23-2, Def. Statement of Material Facts, ¶¶ 8-16.)

At her deposition, Plaintiff testified that she received notice at the 103 Blanche Street address when she received two letters from the government advising of the forfeiture of the seized funds in August 2016.  (Docket No. 23-4 at 27; 26:1-27:22.)  Plaintiff further testified that the letters informed her that the government was going to take possession

---

[4] L. Civ. R. 56.1 provides, "The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  Plaintiff has not filed an opposition to the United States' motion for summary judgment.  The Court, therefore, deems the United States' statement of material facts as undisputed.

of the funds at that time.  (Id. at 23-4 at 28; 26:16-27:5.)

Based on these undisputed facts, and accepting as true
for the purposes of this motion that the entire $44,855.00 is
Plaintiff's, it is evident that the United States did not fail
to provide Plaintiff with proper notice of the impending
forfeiture.  It is also evident that Plaintiff had notice of
the forfeiture within sufficient time to file a timely claim.
Consequently, there are no record facts, disputed or
otherwise, to support the elements of 18 U.S.C. § 983(e)(1)
and which warrant setting aside the forfeiture.  The United
States' motion for summary judgment in its favor must be
granted.  See, e.g., U.S. v. Tidwell, 477 F. App'x 23, 25 (3d
Cir. 2012) (denying the appellant's motion for the return of
his seized and forfeited money, finding that the government's
notice was adequate by (1) sending notice to the appellant at
his place of incarceration by certified mail and demonstrating
that adequate procedures existed within the prison that would
ensure that notice would be delivered, (2) sending the notices
to his last known address, and (3) by publishing notice in the
USA Today newspaper, and rejecting the prisoner's argument
that the government was required to hand deliver notice to him
or to his attorney); Williams, 620 F. App'x at 72 ("Having
reviewed the record, we agree with the District Court that

there is no genuine issue of material fact with regard to whether the DEA provided Williams with notice of the administrative forfeiture proceedings and the opportunity to file a claim and contest the forfeiture in court.  Indeed, Williams does not dispute that he received proper notice from the DEA and that he declined to file a judicial claim.").

An appropriate Order will be entered.


Date:  September 16, 2020          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.